FILED by ___ D.C.
ELECTRONIC
SEPT. 3, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IDA SAVIGNONE and all other similarly ) Case No.:
situated under 29 USC 216(B), )
      Plaintiff, ) **08-CV-22435-Moore-Simonton**
vs. )
)
OUT OF THE BLUE CAFÉ & WINE BAR, )
INC. )
CARMEN MIRANDA )
TIMOTHY F. GORGOL )
ILLUMA GROUP WORLDWIDE, LLC.

      Defendants

## COMPLAINT UNDER 29 U.S.C. 201- 216(B)—OPT IN COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendants reside in and /or regularly transacts business within Dade County. Upon information and belief, the Defendants were the FLSA employer for the Plaintiff for the relevant time period. MIRANDA AND GORGOL was/were the president/ vice president of the Corporate Defendants and ran the day to day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages.

4. All acts or omissions giving rise to this dispute took place in Dade County.

### FEDERAL STATUTORY VIOLATION (OVERTIME WAGES)

5. This action arises under the laws of the United States. It is believed that several other similarly situated employees to Plaintiff have not received overtime wages for work performed for the Defendant over 40 hours weekly.

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

7. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". As of May 2nd, 2005, Florida's minimum wage was raised to $6.15/hr.

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate...."

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff was a cook for the Defendants . The Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff began work for the Defendants on or about 01/26/2007 until on or about 08/08/08. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials that he used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's

work for the Defendants. Upon information and belief, the Defendants grossed over $500,000 annually for the relevant time period. Specifically, the Corporate Defendants formed an enterprise as that term is defined by the FLSA while Plaintiff was working for the Defendants. The enterprise was controlled by Defendant Gorgol and was operated for a common business purpose between all corporations listed above. Defendant Gorgol, through his corporation called Illuma Group Worldwide bought into Out of the Blue Café and operated the latter through the former during Plaintiff's employment. For the first year of Plaintiff's employment, she was paid cash only. After Defendant Gorgol bought into the Out of the Blue Café, Defendants began to pay Plaintiff by check. To the extent Defendant Gargol became Plaintiff's employer after Plaintiff had already worked for Out of the Blue Café for about one year, Gargol and Illumina Group Worldwide would be jointly and severally liable for Plaintiff's entire wage claim for her entire employment pursuant to successor liability under the Fair Labor Standards Act.

10. Plaintiff worked an average of 50 hours per week for Defendants for the time period stated above.

11. Plaintiff's hourly wage was $9.00 per hour for the first year of her employment then was raised to $11.25/hr. after Defendant Gorgol became Plaintiff's employer as stated above for the hours that she worked for the Defendants but was never paid overtime wages as required by the Fair Labor Standards Act for any of the hours that she worked for the Defendants in excess of forty hours weekly.

12. Defendants willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff

these overtime wages since the commencement of Plaintiff's employment with Defendants until the end as stated above. Defendants failed to post notice apprising Plaintiff of his rights to overtime wages for the relevant time period.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act--whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff requests a trial by jury.

**Respectfully submitted,**

**J.H. ZIDELL**
**ATTORNEY FOR PLAINTIFF**
**300 71st STREET #605**
**MIAMI BEACH, FLORIDA 33141**
**305-865-6766**
**F.B.N.#0010121**

BY: _____
J.H. ZIDELL

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
IDA SAVIGNONE AND ALL other situated under 29 USC 216(B)

**(b)** County of Residence of First Listed Plaintiff: Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number):
J.H. Zidell, P.A.
300 SEVENTY FIRST STREET • SUITE #605
MIAMI BEACH, FL 33141 / (305) 865-6766

### DEFENDANTS
Out of the Blue Cafe & Wine Bar Inc. Carmen Miranda, Timothy F. Gorgol, Illuma Group Worldwide LLC

County of Residence of First Listed Defendant: DADE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED

Attorneys (If Known):

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:08CV22435-Moore-Simonton

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/ Disabilities - Employment
- ☐ 446 Amer. w/ Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ✓ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page)
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE    DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 USC 201-216

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
S/
DATE

AMOUNT 350.00    RECEIPT # 544073